

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

MELANIE SPEIGHT
*Assistant Corporation Counsel*
Phone: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

December 7, 2015

**VIA ECF**
Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>Christopher Ransom v. City of New York, et al.</u>, 15-CV-6149 (PKC) (MDG)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. Defendant City respectfully requests that the Court extend its time to answer or otherwise respond to the complaint from December 8, 2015, until January 22, 2016. Plaintiff consents to this request, which is defendant City's first request for an extension of time to respond to the complaint.

    By way of background, plaintiff alleges, *inter alia*, that, on June 11, 2015, he was forcefully and unlawfully arrested. Plaintiff alleges that, while in police custody, he was transported to NYU Langone Medical Center and seen by psychiatrists, then taken to NYU Lutheran Medical Center and treated for alleged physical injuries. Plaintiff claims that, on June 12, 2015, he was arraigned on charges of obstruction of governmental administration, resisting arrest, and disorderly conduct, and that the charges against him were dismissed on October 16, 2015. In addition to the City of New York, plaintiff has named as defendants to this matter Police Officer Abbas Kymin, Police Officer Jian Yu, and Police Officers John Doe #1-10.

    In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint. Plaintiff has provided this office with an unsealing release which will allow defendant to access documents regarding plaintiff's arrest and prosecution which have been sealed pursuant to New

York Criminal Procedure Law § 160.50, and defendant has begun the process of obtaining this documentation. In addition, plaintiff has provided defendant with releases necessary to access plaintiff's medical records from NYU Langone Medical Center and NYU Lutheran Medical Center. Defendant has already processed these releases and requested the underlying records from these medical providers. Defendant has requested from plaintiff additional medical releases that will enable this office to obtain any medical records pertaining to treatment received by plaintiff at Central Booking, and plaintiff has agreed to soon provide the additional releases. Obtaining these documents will enable defendant to effectively investigate plaintiff's allegations and knowledgeably respond to the complaint.

In addition, the 45-day extension sought herein will likely enable plaintiff to serve the two additional individual defendants with process and for this office to determine whether it will represent the individual officers in this matter.

Defendant City, therefore, with plaintiff's consent, respectfully requests that the Court extend its time to answer or otherwise respond to the complaint from December 8, 2015, until January 22, 2016. If granted, the extension sought herein will not impact any other deadlines in this matter.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Melanie Speight
*Assistant Corporation Counsel*


cc: VIA ECF
Ken Womble
*Plaintiff's Counsel*
Moore Zeman Womble, LLP
66 Willoughby Street
Brooklyn, NY 11201